ACCEPTED
03-14-00709-CV
5166900
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 8:46:45 AM
JEFFREY D. KYLE
CLERK

**No. 03-14-00709-CV**

IN THE
THIRD COURT OF APPEALS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

5/6/2015 8:46:45 AM

JEFFREY D. KYLE
Clerk

ENTERGY TEXAS, INC.,

Appellant,

v.

PUBLIC UTILITY COMMISSION OF TEXAS,

Appellee.

*Appeal from the 53rd Judicial District Court, Travis County, Texas*
*The Honorable Amy Clark Meachum, Judge Presiding*

_____

**APPELLANT ENTERGY TEXAS, INC.'S**
**ORAL ARGUMENT EXHIBIT**
_____

John F. Williams
State Bar No. 21554100
jwilliams@dwmrlaw.com
Marnie A. McCormick
State Bar No. 00794264
mmccormick@dwmrlaw.com
DUGGINS WREN MANN & ROMERO, LLP
600 Congress Ave., Ste. 1900 (78701)
P. O. Box 1149
Austin, Texas 78767-1149
(512) 744-9300
(512) 744-9399 *fax*

ATTORNEYS FOR APPELLANT
ENTERGY TEXAS, INC.

May 2015

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 9.5, I certify that on the 6th day of May, 2015, the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system of the Court, and that a true and correct copy was served on the following lead counsel for all parties listed below via electronic service:

Elizabeth R. B. Sterling
Megan M. Neal
Environmental Protection Division
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548
*Counsel for the Public Utility Commission of Texas*

Rex VanMiddlesworth
Benjamin Hallmark
Thompson & Knight LLP
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701
*Counsel for Texas Industrial Energy Consumers*

Sara J. Ferris
Office of Public Utility Counsel
1701 N. Congress Ave., Ste. 9-180
P.O. Box 12397
Austin, TX 78711-2397
*Counsel for Office of Public Utility Counsel*

*/s/ Marnie A. McCormick*
Marnie A. McCormick

**The CGS Statute as Enacted**

… The tariffs subject to this subsection may not be considered to offer a discounted rate or rates under Section 36.007, and the utility's rates shall be set, in the proceeding in which the tariff is adopted, to recover *any costs unrecovered as a result of the implementation of the tariff. …*

Tex. Util. Code Ann. § 39.452(b) (emphasis added).

**The CGS Statute as Interpreted by the PUC**

… The tariffs subject to this subsection may not be considered to offer a discounted rate or rates under Section 36.007, and the utility's rates shall be set, in the proceeding in which the tariff is adopted, to recover ~~*any*~~ costs ~~*unrecovered as a result*~~ of the implementation of the tariff. …

**The Energy Efficiency Statute**
**at Issue in *CenterPoint*, 354 S.W.3d 899 (Tex. App. – Austin 2011, no pet.)**

(b)  The commission shall provide oversight and adopt rules and procedures to ensure that the utilities can achieve the goal of this section, including:

(1) establishing an energy efficiency cost recovery factor for ensuring timely and reasonable cost recovery for utility *expenditures made to satisfy the goal of this section*;

…

(b-1) The energy efficiency cost recovery factor under Subsection (b)(1) may not result in an over-recovery of costs but may be adjusted each year to change rates to enable utilities to match revenues against energy efficiency costs and any incentives to which they are granted. The factor shall be adjusted to reflect any over-collection or under-collection of energy efficiency cost recovery revenues in previous years.

Tex. Util. Code Ann. § 39.905 (emphasis added).